**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mukesh Kumar,
Petitioner,
v.
Todd Blanche, et al.,
Respondents.

No. CV-26-06387-PHX-MBM

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner alleges that he entered the United States in 2023, was briefly detained, and then released pending removal proceedings. Petitioner was later arrested on March 1, 2026, and detained in New Mexico until April 14, 2026, when the United States Court for the District of New Mexico ordered his release from immigration custody. That court also enjoined Respondents from re-detaining Petitioner without first holding a hearing.

Nevertheless, on August 12, 2026, Petitioner was again detained and has been held without a bond hearing. As such, Petitioner alleges the re-detention violates his Fifth Amendment rights and seeks release on the same conditions as before and an injunction against Petitioner's re-detention without a pre-deprivation hearing where the Government bears the burden of proof.

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 6.) In the Response, Respondents state: "Respondents do not oppose the

request for release." (Doc. 9.) The Court accepts this concession as non-opposition to granting the Petition.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(2) Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance within **two days** of this Order.

(4) Absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without **seven (7) days** prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

(5) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 15th day of September, 2026.

Mary Bridget Minder

Honorable M. Bridget Minder
United States Magistrate Judge